Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
550 West Fort St. Rm. 698
Boise, ID 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov
*Attorneys for the Acting United States Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MONTANA**

| | |
|---|---|
| In re: | Case No. 2:26-bk-20103-BPH |
| CHRISTOPHER GREGG THOMAS, | Chapter 11 |
| Debtor. | |

MOTION TO CONVERT TO CHAPTER 7 OR DISMISS;
MEMORANDUM IN SUPPORT

The Acting United States Trustee for Region 18 (the "United States Trustee"), Jonas V. Anderson, through counsel, respectfully moves the Court, pursuant to 11 U.S.C. § 1112(b),[1] to convert the case to Chapter 7, or in the alternative, to dismiss this case, whichever is in the best interests of creditors and the estate, for the reasons set forth below:

**BACKGROUND**

1.     On April 20, 2026, the Debtor filed a voluntary Chapter 11 bankruptcy petition. (Dkt. No. 1).

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

1

2.      On May 4, 2026, the Debtor filed his schedules, statement of financial affairs, and other documents with the Court (Dkt. 16).

3.      The § 341 meeting was initially scheduled for May 20, 2026, but has been continued several times, most recently until August 11, 2026.

4.      The § 341 meeting has been continued primarily because Debtor has not produced all documents and information requested by the United States Trustee and due to the complexity and convoluted nature of the Debtor's finances, including but not limited to the use of numerous bank accounts, including bank accounts for a company, or companies, that the Debtor owns and controls, but which he testifies he never operated.

5.      The Debtor owns or controls at least one business that is not identified or disclosed in his schedules or statement of financial affairs.  The Debtor has not amended his schedules to include this company, nor has the Debtor prepared and filed a Rule 2015.3 Report for the entity.

6.      Testimony at the § 341 meeting suggests that Debtor likely defrauded BSP of Helena, Inc. d/b/a 4 Corners Pawn by knowingly and intentionally representing to 4 Corners Pawn that certain assets that he pawned through 4 Corners Pawn were unencumbered when in fact the property was encumbered by liens and Debtor knew the property was encumbered. Debtor described it as taking advantage of the relationship and/or trust that he had with 4 Corners Pawn.

7.      Debtor has filed multiple motions and filings that appear to be premature or unsupported by law and fact, which have drawn objections.  (*See* Dkt. Nos. 55, 60, 61, 74, 80, 91, and 92).

2

8. Debtor appears to have settled, or attempted to settle, claims of the estate related to insurance coverage and a claim arising from a wind-related loss, without seeking or obtaining Court approval. On June 17, 2026, the Debtor filed a notice related to the settlement, which he describes as containing "confidentiality provisions concerning the specific terms and consideration exchanged between the parties," and none of the terms of the settlement are set forth in the notice. (Dkt. No. 59). The notice states that "Debtor anticipates filing amended schedules and statements as additional information becomes available and as matters affecting assets, liabilities, claims, and estate administration continue to be evaluated." To date, no such amendments have been filed. Nor has the Debtor sought Court approval of the compromise, or disclosed the terms of the settlement.

9. The United States Trustee received recent communications from the Debtor indicating that "[he] no longer believe[s] continued Chapter 11 administration represents the most efficient or economical course for either the estate or its creditors." The United States Trustee understands and believes that the Debtor intends to seek dismissal of the case or would otherwise stipulate to dismissal of the case. However, the United States Trustee believes that conversion may be more appropriate and in the best interest of creditors and the estate and that other interested parties should have the opportunity to weigh in on whether conversion or dismissal is preferred.

## ARGUMENT

While a debtor has an absolute right to dismiss a chapter 13 case, *see* 11 U.S.C. § 1307(b), no such right exists in chapter 11. A chapter 11 debtor-in-possession *does* have a near absolute right to convert their case to chapter 7, with only limited exceptions. 11 U.S.C. § 1112(a). However, if the case is going to be *dismissed,* cause must be established pursuant to 11

3

U.S.C. § 1112(b). And the case should not be dismissed until *after* there has been notice and a hearing (or at least an opportunity for a hearing). *Id*. Further, the case should only be dismissed if the court determines that dismissal, as opposed to conversion, is in the best interest of creditors and the estate. *Id*. In this case, the United States Trustee believes that cause does exist for the case to be converted or dismissed under § 1112(b). The United States Trustee believes that conversion as opposed to dismissal is in the best interest of creditors and the estate and would recommend that the case be converted to chapter 7.

Section 1112(b)(1) of the Bankruptcy Code provides that, if the movant establishes cause, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1112(b)(2) states:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court.

Section 1112(b)(4) sets forth a non-exclusive list of what constitutes cause for dismissal or conversion of a case to chapter 7. *See In re Jayo*, 2006 WL 2433451, *5-6 (Bankr. D. Idaho 2006). The facts set forth below constitute cause for conversion of this case to Chapter 7 or, in

4

the alternative, for dismissal of the case.[2]

    A.  The settlement of a claim of the estate, or attempted settlement of such claim, without seeking or obtaining Court approval combined with the filing of premature or unsupported motions constitute gross mismanagement of the estate and cause exists for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(B).

    B.  The Debtor has failed to timely provide information reasonably requested by the Untied States Trustee, which has resulted in multiple continuances of the § 341 meeting. Debtor still has not provided all documents and information requested by the United States Trustee and cause exists for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(H).

    C.  The Debtor has failed to prepare and file a Rule 2015.3 report for at least one business entity that is owned and controlled by the Debtor. The business entity hasn't been disclosed in the schedules or an amendment thereto. The first Rule 2015.3 report should have been filed on or before May 13, 2026. *See* Fed. R. Bankr. P. 2015.3(b). Because the report was not timely filed cause exists for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(F).

    D.  The case should be dismissed or converted based upon Debtor's opinion and belief that continued Chapter 11 administration is not the most efficient or economical course for either the estate or its creditors. As

---

[2] The United States Trustee reserves the right to assert any cause for conversion or the appointment of a trustee which may exist at the time of the hearing on this motion.

indicated above, the list of what constitutes cause for dismissal or conversion in § 1112(b)(4) is not an exhaustive list. Because Debtor acknowledges or admits that Chapter 11 is not the best path forward for this case, and because the Debtor is currently operating as debtor-in-possession and, absent the appointment of a chapter 11 trustee, is essential for the case moving forward in Chapter 11, the Court should find that cause exists for the case to be converted or dismissed. In addition, the United States Trustee has concerns with the Debtor remaining in control or operating as debtor-in-possession given testimony concerning the Debtor's past dealings with creditors, specifically 4 Corners Pawn.

As set forth above, cause exists for conversion or dismissal of this case under 11 U.S.C. § 1112(b)(4). When determining whether to dismiss or convert a case, "the court must consider the interests of all creditors." *Shulkin Hutton, Inc. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009).[3]

---

[3] "Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. *Collier* identifies ten such factors: (1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal. (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted. (3) Whether the debtor would simply file a further case upon dismissal. (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors. (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise. (6) Whether any remaining issues would be better resolved outside the bankruptcy forum. (7) Whether the estate consists of a "single asset". (8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests. (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered. (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns." *Rand v. Porsche Financial Services, Inc. (In re Rand)*, 2010 WL 6259960, *10, fn. 14 (9th Cir. BAP 2010) (*citing 7 Collier on Bankruptcy* ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

The United States Trustee believes conversion is in the best interest of creditors and the estate. The Debtor has employed a realtor and seeks to sell property of the estate, which would presumably result in funds available for distribution to creditors. In addition, the Debtor apparently settled, or attempted to settle an insurance claim that is property of the estate. The Debtor's finances are very convoluted, and the United States Trustee believes it would be beneficial and appropriate for a Chapter 7 Trustee to investigate the Debtor's finances to determine whether there are avoidable transfers or unaccounted for funds that would result in recovery or turnover of property for the benefit of creditors. In addition, there are several secured claims in favor of insiders that a Chapter 7 Trustee would be able scrutinize and determine the validity of such, which may result in additional equity available for general unsecured creditors. The United States Trustee believes there are other claims the Debtor has, or believes he has, against creditors or third parties that a Chapter 7 Trustee could investigate, pursue and/or settle for the benefit of creditors and the estate.

Lastly, the Debtor is not eligible for a chapter 7 discharge as he received a discharge in a case filed within 8 years of the present case.[4] *See* 11 U.S.C. § 727(a)(8). As such, creditors essentially have nothing to lose (in terms of debts being discharged) in chapter 7 and potentially something to gain based upon the potential liquidation of assets, settlement of claims, etc. that could result in a distribution to creditors. Conversion to chapter 7 will ensure that creditors receive a fair pro rata distribution as opposed to a rush to the courthouse where only the most aggressive or quickest to act creditors may stand to recover against the Debtor.

---

[4] The Debtor filed a voluntary chapter 7 bankruptcy in the United States Bankruptcy Court, District of Montana on April 4, 2019, as Case No. 19-60287-BPH, and received a discharge in that case.

7

## **CONCLUSION**

Wherefore, the United States Trustee respectfully moves this case be ordered converted to Chapter 7 or, in the alternative, dismissed and that Debtor be ordered to file a declaration within 14 days of the entry of the order converting or dismissing this case setting forth all disbursements made by Debtor not already disclosed in any filed monthly operating reports, and for such other relief as the Court deems proper.

DATED July 21, 2026

JONAS V. ANDERSON
Acting United States Trustee for Region 18

/s/ Brett R. Cahoon
BRETT R. CAHOON
Attorney for United States Trustee

## **CERTIFICATE OF MAILING**

I, the undersigned, Brett R. Cahoon, do hereby certify under penalty of perjury that on the July 21, 2026, a copy of the foregoing Motion to Convert to Chapter 7 or Dismiss; Memorandum in Support; was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and by mail on the following parties:

SEE ATTACHED MAILING MATRIX
*The attached list will not be mailed out to creditors but will be on file with the United States Bankruptcy Court. A copy will be provided upon request.

/s/ Brett R. Cahoon
BRETT R. CAHOON